**Elaine A. TAXIERA, Petitioner,**

v.

**Frederick C. MALKUS, Personal Representative of Estate of Levi Travers Brown, Respondent.**

Family Court of Delaware, New Castle County.

Submitted: Oct. 2, 1990.
Decided: Oct. 10, 1990.

See also 608 A.2d 109.

James A. Waehler, Georgetown, for petitioner.

Alan L. O'Neal, Georgetown, and John Wheeler Glen, Esquire, Baltimore, Md., for respondent.

## OPINION

CONNER, Judge.

This is the Court's decision on whether this Court has the right to exercise personal jurisdiction over the personal representative of the estate of Levi Travers Brown in a proceeding to determine whether the decedent, Levi Travers Brown, was the biological father of Leah Caroline Brown, born January 27, 1987, to Elaine Taxiera. In a prior ruling on a Motion to Dismiss this paternity proceeding, Judge Robinson directed that an evidentiary hearing take place to determine whether this Court acquired the necessary personal jurisdiction under the statutory provisions found at 13 *Del.C.* § 807(b).

The pertinent statute reads as follows:

(b) The person who has sexual intercourse in this State thereby submits to the jurisdiction of the courts of this State as to any action brought under this chapter with respect to a child who may have been conceived by that act of intercourse. In addition to any other method provided by rule or statute, including service of process on persons without the State, personal jurisdiction may be acquired by personal service of summons outside the State or by registered or certified mail with proof of actual receipt; or otherwise by service of process in accordance with any method now or hereinafter provided by law or Family Court rule.

John Wheeler Glenn, Esquire, counsel for the personal representative of the Estate of Levi Travers Brown, argues that the above statute requires proof that the actual act of sexual intercourse responsible for conception must have taken place in the State of Delaware. James Waehler, Esquire, Ms. Taxiera's attorney, contends that the aforesaid statute should be interpreted to require proof that Mr. Brown had sexual intercourse with Ms. Taxiera during the conception period. The statute must be applied to the following factual background.

Petitioner, Elaine Taxiera is uncertain whether the specific act of sexual intercourse which gave rise to the birth of Caroline took place in Delaware or took place in Maryland. Ms. Taxiera and Mr. Brown had been dating since September of 1985 and participating in sexual relations on a regular basis since October of that year. They became engaged to marry on February 14, 1986, and according to Ms. Taxiera, stopped practicing birth control at that time. A tentative wedding date was set for early May, but was cancelled in April. According to Ms. Taxiera, no birth control practices were reinstituted.

Commencing in February of 1986, Mr. Brown visited Ms. Taxiera at her home in Millsboro, Delaware every Tuesday night and Ms. Taxiera spent the night with Mr. Brown at his home in Church Creek, Maryland every Wednesday evening. They were together each weekend alternating between each other's home. One weekend, Ms. Taxiera would spend Friday and Saturday evening in Mr. Brown's home in Maryland. The following weekend, Mr. Brown would come to Millsboro and stay with Ms. Taxiera at her home. Ms. Taxiera testified that they had sexual relations every evening that they were together. She was certain that during the weekend of May 9, 1986, she was at Mr. Brown's home in Church Creek. In a companion proceeding in a Maryland Court, Ms. Taxiera answered an interrogatory that she believed that conception took place in Church Creek, Maryland on May 9, 1986.

When Caroline was born on January 27, 1987, she weighed 8 lbs. 13 oz., and had fully developed fingernails, toenails, and hair. While the Court would have preferred some medical testimony on this question, Caroline appears to have been a full term baby based upon her weight and features. Nine months before January 27 1987, would have been April 27, 1986. Ms. Taxiera testified that she completed her last menstrual cycle on April 26, 1986. This testimony narrows the time of conception to after April 26 and no later than May 14, considering the weight and development of Caroline at birth.

It is first necessary to interpret the aforesaid 13 *Del.C.* § 807(b). Does it require proof, as Mr. Glenn contends, that the actual act of conception took place in Delaware or does it require, as Mr. Waehler argues, that there must be only proof of sexual intercourse in Delaware about the time of conception from which the child could have been conceived?

It is important to note that for any Delaware Court to acquire personal jurisdiction over defendants or respondents in a civil action, the general requirement is that the person being sued reside in Delaware or at least be located within the State when he is served with the complaint or petition. The law does not favor nor permit citizens of one state to bring suit in that state against a citizen of another state absent some special statutory authority to

do so.[1] In paternity litigation, there is the special statutory authority set forth at 13 *Del.C.* § 807(b). The transaction in Delaware that submits a nonresident to the jurisdiction of the Delaware Courts in a paternity suit is engaging in sexual intercourse that may have lead to the conception of a child. With all due respect to Mr. Glenn's statutory interpretation argument, the paternity jurisdiction statute would pose an impossible evidentiary task in many cases if it required proof of what specific act of sexual intercourse actually produced conception. 13 *Del.C.* § 807(b) only makes sense when the first sentence is read in its entirety. The Court must find that the statute only requires satisfactory proof that sexual intercourse took place in Delaware during the period of conception.

▮ Based upon this common sense interpretation of 13 *Del.C.* § 807(b), the remaining issue is whether Ms. Taxiera's testimony is creditable. In the absence of medical testimony concerning the probable date of conception, the Court can only judge that the child was a full-term, nine month baby and place date of Caroline's conception in the last week of April 1986 or the first two weeks of May of that year. Based upon Ms. Taxiera's testimony that she and Mr. Brown had sexual relations at each others home one night each week and every other weekend throughout the possible conception period, it is impossible to determine whether actual conception took place in Delaware or in Maryland. It is possible, however, that conception may have taken place from an act of sexual intercourse in Delaware which is all that 13 *Del.C.* § 807(b) requires. Mr. Glenn argues that Ms. Taxiera's testimony is inconsistent with an interrogatory answer that she submitted in a Maryland proceeding. The Court must determine whether she is bound in this proceeding by that answer. The interest of justice requires that she not be bound by her answer. This Court must base its decision on factual truth. If there were no birth control methods being used

or practiced, Ms. Taxiera would have no way of knowing which act of sexual intercourse produced conception. Conception could have resulted from sexual relations which occurred on May 5, 1986 in Delaware or on May 6, 1986 in Maryland or during the weekend of May 9th in Maryland or even during the following week or weekend. The Court is satisfied that the parties did alternate visits with each other at each other's homes. Ms. Taxiera's testimony on this crucial point was corroborated by Mr. Brown's sister, Betty Brown, who actually resided with Levi Brown in April and May of 1986. Based upon the substantiation of Ms. Taxiera's testimony by Ms. Brown, the Court is satisfied that Elaine Taxiera and Levi Brown spent several nights together in both Delaware and Maryland and engaged in sexual relations in both states during the period when Caroline was conceived. Sufficient evidence has been presented to show that Levi Travers Brown engaged in sexual intercourse in Delaware in late April and early May of 1986, and that a child, Leah Caroline Brown, may have been conceived from one of those acts of sexual intercourse.

Delaware has acquired jurisdiction over the respondent Frederick C. Malkus in his capacity as personal representative of the Estate of Levi Travers Brown.

Should a Maryland Court rule that it likewise has jurisdiction to determine this paternity issue, it will be necessary to decide the most convenient forum for the litigation. If no ruling of jurisdiction is rendered by a Maryland Court within ninety days, let this case be scheduled for trial on the merits of the petition.

IT IS SO ORDERED.

---

**1.** 10 *Del.C.* § 3104 and 10 *Del.C.* § 3112 are statutes permitting suit against non-residents under limited and specific circumstances.